UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

NANCY OUTMAN,

                  Plaintiff,

    -vs-                         **No. 1:16-CV-00988 (MAT)**
                                       **DECISION AND ORDER**
COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

───────────────────────────────

## I. Introduction

Represented by counsel, plaintiff Nancy Outman ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

## II. Procedural History

Plaintiff protectively filed applications for DIB and SSI on May 10, 2013, alleging disability as of August 26, 2007 due to leg pain and chronic back pain. Administrative Transcript ("T.") 70-71, 75-76. Plaintiff's applications were initially denied. T. 88-

99. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Donald T. McDougall on January 12, 2015, at which Plaintiff appeared with her attorney. T. 36-66. On June 3, 2015, the ALJ issued an unfavorable decision. T. 17-32. On September 28, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the Commissioner's final decision. T. 1-6. This action followed.

### III. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through September 30, 2012. T. 22. At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 26, 2007, the alleged onset date. *Id*.

At step two, the ALJ found that Plaintiff suffered from the severe impairments of obesity, venous insufficiency, and degenerative disc disease of the thoracolumbar spine. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 23. The ALJ particularly considered Listings 1.04 (disorders of the spine) and 4.11 (chronic venous insufficiency] in reaching this conclusion. *Id*.

2

Before proceeding to step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following additional limitations: must be permitted to change position briefly, for a minute or two, at least every half hour; should not climb ladders, ropes, or scaffolds; can occasionally climb stairs or ramps; should not kneel, crawl, work from heights, or work around dangerous or moving machinery; and can occasionally balance, stoop, or crouch. *Id*.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. T. 26. At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of plastic molding machine operator, small products assembler, ticket seller, and telemarketer. T. 26-27. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. T. 27-28.

**IV. Discussion**

**A. Scope of Review**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the

decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff argues that (1) the ALJ failed to properly develop the record and (2) the ALJ failed to properly consider and weigh consultative examiner Dr. Donna Miller's opinion. For the reasons set forth below, the Court finds these arguments to be without merit.

**B. Failure to Develop the Record**

Plaintiff's first argument is that the ALJ failed to properly develop the record in this matter. In particular, Plaintiff contends that the ALJ abused his discretion by denying her request

to subpoena treatment records from the Olean Family Health Center ("OFHC").  The Court disagrees.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) (internal citation omitted).  "This duty arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination," *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996), and requires the ALJ to take affirmative steps "where there are deficiencies in the record," *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). However, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Lowry v. Astrue*, 474 F. App'x 801, 804 (2d Cir. 2012) (quotations and citations omitted). The ultimate question is whether the administrative record is "robust enough to enable a meaningful assessment of the particular conditions on which the petitioner claims disability." *Sanchez v. Colvin*, No. 13 Civ. 6303(PAE), 2015 WL 736102, at *7 (S.D.N.Y. Feb. 20, 2015).

With respect to the particular issue of subpoenas, the Commissioner's regulations provide that "[w]hen it is reasonably necessary for the full presentation of a case, an administrative law judge . . . may, on his or her own initiative or at the request

5

of a party, issue subpoenas . . . for the production of books, records, correspondence, papers, or other documents that are material to an issue at the hearing." 20 C.F.R. § 404.950(d)(1). The Second Circuit has explained that "[t]he plain language of this section clearly places the decision to issue a subpoena within the sound discretion of the ALJ." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998). However, the ALJ's discretion is not unlimited, and "he cannot ignore essential available medical evidence." *Villarreal v. Colvin*, No. 13 CIV. 6253 LGS, 2015 WL 6759503, at *20 (S.D.N.Y. Nov. 5, 2015); *see also McClinton v. Colvin, No. 13CV8904 CM MHD*, 2015 WL 5157029, at *24 (S.D.N.Y. Sept. 2, 2015). "[A] failure to subpoena medical records which were 'reasonably necessary' is harmful error." *Kumar v. Berryhill*, No. 3:16-CV-01196 (VLB), 2017 WL 4273093, at *5 (D. Conn. Sept. 26, 2017).

In this case, Plaintiff reported having been seen by Dr. Zia M. Sheikh at OFHC for treatment regarding her leg pain and chronic back pain between 2012 and January 2013. T. 181. At the January 12, 2015 hearing, Plaintiff's counsel informed the ALJ that records from OFHC had not been provided. T. 38-39. The ALJ indicated that he would hold the record open for an additional 21 days to allow Plaintiff's counsel to obtain this information. T. 39.

On February 13, 2015, Plaintiff's counsel sent a letter to the ALJ noting that she had been unable to obtain records from OFHC and requesting that the ALJ issue a subpoena to secure the records. T. 222. On February 21, 2015, the ALJ sent a request for records

6

to OFHC. T. 223. The ALJ sent a follow-up request on March 19, 2015. T. 227. OFHC did not respond to either of these requests.

Plaintiff's counsel sent another letter to the ALJ on May 14, 2015, again requesting that OFHC's records be subpoenaed. T. 229. On June 2, 2015, the ALJ sent a letter to Plaintiff's counsel indicating that he had received the request to issue a subpoena to OFHC and that the request was denied. T. 141. One day later, the ALJ issued his decision, in which he explained that the subpoena request had been denied because "two prior requests have been made to [OFHC], without any success." T. 26.

The ALJ's decision not to subpoena records from OFHC was not an abuse of discretion, because those records were not "reasonably necessary" to a determination of Plaintiff's claim. As a threshold matter, the Court notes that an ALJ is required only to make "every *reasonable* effort" to obtain medical records, 20 C.F.R. § 404.1512(b) (emphasis added), and that "whether to use a subpoena instead of a request is a matter of [the ALJ's] discretion," *Gonell De Abreu v. Colvin*, No. 16-CV-4892 (BMC), 2017 WL 1843103, at *5 (E.D.N.Y. May 5, 2017). The record reveals that, the ALJ issued two requests to OFHC for the records in question, which the Court finds constitutes a reasonable effort to obtain them. *See Daniels v. Colvin*, No. 14-CV-02354 SN, 2015 WL 1000112, at *13 (S.D.N.Y. Mar. 5, 2015) ( "A 'reasonable effort' means that the ALJ will make an initial request for evidence from the claimant's medical source and make one follow up request between 10-20

7

calendar days after the initial one.") (internal quotation omitted).

Moreover, an ALJ is not required to subpoena additional medical records where a claimant had "a fair and meaningful opportunity to present her case," *Henny v. Comm'r of Soc. Sec.*, No. 15-CV-0629 (RA), 2017 WL 1040486, at *14 (S.D.N.Y. Mar. 15, 2017), and the record was sufficient to permit the ALJ to make a well-supported decision. In this case, the medical record contains substantial evidence to support the ALJ's conclusion that Plaintiff was not disabled. The ALJ considered medical evidence from 2007, the year that Plaintiff alleged her disability began. As the ALJ explained, an MRI of Plaintiff's lumbar spine performed on May 1, 2007 revealed no evidence of disc bulge or herniation and no evidence of stenosis. T. 252. Plaintiff thereafter began physical therapy on May 17, 2007, but made only minimal progress due to her inconsistent attendance. T. 261. Plaintiff was a no-show for her last three physical therapy appointments and thereafter requested to be discharged. *Id*.

In February 2010, x-rays of Plaintiff's lumbosacral spine showed normal alignment, normal disc spaces, no degenerative facet changes, and no spondylosis. T. 267. Dr. John Chotkowski concluded that it was a "normal exam." *Id*. X-rays of Plaintiff's right knee taken at the same time also showed "no significant abnormality." T. 268.

Plaintiff underwent an electrocardiogram in July 2010. T. 270. There was no evidence of an acute current of injury,

8

significant dysrhythmia, ischemia, or strain. *Id*. Dr. Richard Cudahy concluded that the electrocardiogram was "a normal tracing." *Id*. A chest x-ray performed in July 2010 also showed no acute disease, while a CT scan of Plaintiff's abdomen was performed in July 2012, and showed "no acute process." T. 277, 288.

Consultative physician Dr. Donna Miller examined Plaintiff on July 3, 2013. T. 240-243. On physical examination, Plaintiff showed full flexion, extension, lateral flexion bilaterally, and rotary movement bilaterally in her cervical spine. T. 242. Plaintiff had lumbar spine flexion of 60 degrees, extension of 5 degrees, lateral flexion of 25 degrees bilaterally, and rotation 25 degrees bilaterally. *Id*. Straight leg raising tests were negative bilaterally. *Id*. Plaintiff had a full range of motion in her shoulders, elbows, forearms, wrists, knees, and ankles. *Id.* Plaintiff's hips had flexion-extension of 85 degrees bilaterally, interior rotation of 30 degrees bilaterally, backward extension of 20 degrees bilaterally, abduction of 30 degrees bilaterally, and adduction of 20 degrees bilaterally. *Id*. Plaintiff's joints were stable and non-tender and she had 5/5 strength in her upper and lower extremities. *Id*. X-rays of Plaintiff's lumbosacral spine were negative. *Id*. Dr. Miller diagnosed Plaintiff with chronic low back pain, obesity, and diet-controlled hypertension, and opined that she had a "mild limitation for repetitive lifting, bending, and carrying." T. 243.

The ALJ also considered treatment records from physician's assistant ("PA") Nicole Dusenbury from 2013 and 2014. At her

initial examination with PA Dusenbury on August 29, 2013, Plaintiff had a normal range of motion in her spine and extremities, along with normal muscle strength and tone. T. 318. PA Dusenbury made similar findings on March 5, 2014 (T. 332), March 31, 2014 (T. 338), and June 11, 2014 (T. 343). An x-ray of Plaintiff's cervical spine perform on June 13, 2014 was normal, while an x-ray of Plaintiff's lumbosacral spine showed intact vertebrae and spondylosis. T. 345-46.

The ALJ's conclusion that Plaintiff was capable of a limited range of light work was amply supported by the medical evidence in the record. Objective diagnostic testing from throughout the relevant period, the treatment records of Plaintiff's treatment providers, and Dr. Miller's examination and opinion all showed that Plaintiff had only minor physical impairments. Plaintiff has failed to demonstrate that additional records from OFHC could reasonably have been expected to change that conclusion. Significantly, the most recent physical examinations of Plaintiff by PA Dusenbury were largely normal, and the most recent x-rays of Plaintiff's spine showed only minor abnormalities. Under these circumstances, the Court finds that the ALJ did not abuse his discretion in declining Plaintiff's request to subpoena OFHC's records, because those records were not reasonably necessary to resolve Plaintiff's claim.

### D. Consideration of Dr. Miller's Opinion

Plaintiff's second and final argument is that the ALJ erred in failing to explicitly weigh Dr. Miller's opinion. Plaintiff notes that the ALJ discussed Dr. Miller's findings, but did not state

what particular weight he afforded her medical source statement. For the reasons set forth below, the Court finds that any error by the ALJ in this regard was harmless.

The details of Dr. Miller's opinion are set forth above. In his decision, the ALJ discussed Dr. Miller's findings and noted her diagnoses, but did not expressly weigh her opinion regarding Plaintiff's functional limitations. T. 24.

Although an ALJ is required to consider and weigh the medical opinions of record, the failure to assign a specific weight is harmless error where it did not affect the outcome of the matter. *See, e.g., Ryan v. Astrue,* 650 F. Supp. 2d 207, 217 (N.D.N.Y. 2009); *Clark-Gyllenboga v. Colvin*, No. 12-CV-0538 MAT, 2015 WL 2151823, at *7 (W.D.N.Y. May 7, 2015). In this case, the ALJ's RFC finding was fully consistent with Dr. Miller's opinion. As set forth above, the only limitations Dr. Miller identified were "mild limitation[s] for repetitive lifting, bending, and carrying." T. 243. These limitations are fully consistent with the ability to perform light work. *See, e.g., Gurney v. Colvin,* No. 14-CV-688S, 2016 WL 805405, at *3 (W.D.N.Y. Mar. 2, 2016) (collecting cases holding that even moderate limitations in bending, lifting, and/or carrying do not preclude the performance of light work). Accordingly, the ALJ's RFC finding accounted for the limitations identified by Dr. Miller, and his failure to expressly specify the weight given to her opinion was harmless error and does not warrant remand of this matter.

## V. Conclusion

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 12) is denied. The Commissioner's motion for judgment on the pleadings (Docket No. 14) is granted. The Clerk of the Court is directed to enter judgment in favor of the Commissioner and to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: August 2, 2018
Rochester, New York.